[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 15, 1992, plaintiff Burnese F. Butts, also known as Bernice F. Butts, brought an action in Small Claims CT Page 2558 Court against defendant Jonathan Gould, an attorney. In that action she alleged that Attorney Gould stole her workers' compensation check in the amount of $2,000. On October 28, 1992 defendant's motion to transfer the matter to the regular docket of the Superior Court was granted. In her revised complaint plaintiff alleged that a workers' compensation check in the amount of $2,070 was stolen by defendant on January 11, 1985. Defendant has denied the claim and by special defense claims that plaintiff's suit is barred by the applicable statute of limitations.
A Trial To The Court was held on March 26, 1996. The court finds the following facts. In 1984 and 1985 defendant had been handling a workers' compensation matter for the plaintiff who had been injured at work. After attending hearings at the workers' compensation commission, defendant arranged for the plaintiff to receive weekly payments in the amount of $345 to compensate her for a temporary partial disability of the knee. The payments continued through January 18, 1985 when a dispute arose as to whether plaintiff was entitled to further weekly payments for a temporary partial disability or whether she had reached maximum improvement and was therefore entitled to a lump sum for a permanent partial disability.
Defendant attended several hearings and persuaded the workers' compensation commissioner that plaintiff was entitled to continue receiving the weekly payments. Thus, on January 10, 1985, a check in the amount of $2,070 was sent by Liberty Mutual, the insurance carrier, to the plaintiff in care of defendant. This check represented payments for the six weeks during which weekly payments had stopped. Thereafter, weekly payments in the amount of $345 continued to be paid until plaintiff received a final payment in 1992.
It is the check in the amount of $2,070 which is in dispute. Plaintiff claims that in 1992 she asked the defendant to return her file to her, which he did. In that file she discovered a copy of a letter from the defendant to her dated January 11, 1985, (Plaintiff's Exhibit 1). The letter states that he had received a check for $2,000 in her name and that she should come in and pick it up. She claims that she never got the letter and that she never got the check. CT Page 2559
The court finds that the plaintiff has failed to prove that she did not receive the check. A copy of the check shows that it was cashed on January 17, 1985, that the check was made out to the plaintiff, and that the back of the check contains the plaintiff's endorsement. Although she claims she did not sign the check, she failed to prove such to be the case. The court has studied several of the plaintiff's signatures, and finds that it is her signature on the check. It is the court's belief that the plaintiff has merely forgotten that she did in fact receive the check in question. This is probably because of the number of years which had elapsed between 1985 when she received the check and 1992 when she received her file.
In light of the above finding, it is not necessary to determine which statute of limitations would apply in this case. (See General Statutes § 52-577; § 52-595).
Judgment may enter for the defendant.
Frances Allen State Trial Referee